EDWARD A. AND DORIS ZELINSKY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zelinsky v. Commissioner
Docket No. 9498-88
United States Tax Court
T.C. Memo 1989-546; 1989 Tax Ct. Memo LEXIS 544; 58 T.C.M. (CCH) 335; 11 Employee Benefits Cas. (BNA) 1878; T.C.M. (RIA) 89546; October 10, 1989
Edward A. Zelinsky, pro se. Joseph F. Long, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined a $ 19,010.20 deficiency in petitioners' 1984 Federal income tax and a $ 4,752.47 addition to tax under section 6661(a). The case was submitted fully stipulated under Rule 122. Following concessions by both parties, the only issue is whether a $ 50,000 payment that Doris Zelinsky received from her employer in 1984 was a gift or taxable income. Petitioners resided in New Haven, Connecticut when they filed their petition. Edward A. Zelinsky is a party only because he filed a joint income tax return with his wife. All references to "petitioner" in the singular will be to Doris Zelinsky. During 1984, petitioner *545 was employed by Lender's Bagel Bakery, Inc. (LBB) and participated in its qualified profitsharing plan. In 1984, the owners of LBB, Marvin and Murray Lender (the Lenders), sold the business and assets of LBB to Kraft, Inc. Following the sale, petitioner received a $ 50,000 payment from LBB. During 1984, petitioner also received other compensation from LBB. On their 1984 tax return, petitioners excluded the $ 50,000 payment on the theory that it was a gift. For purposes of determining its final profit-sharing contribution on petitioner's behalf, LBB did not take the $ 50,000 payment into account. However, LBB did include the $ 50,000 on petitioner's Form W-2. LBB also deducted the $ 50,000 on its own return. The parties have stipulated that, if called to testify, the Lenders and their accountant would state that they viewed the $ 50,000 payment as severance compensation, not as a gift, and that they so characterize it today. Petitioners bear the burden of proving that the $ 50,000 payment was a gift excludable from income under section 102(a). Rule 142(a). In Commissioner v. Duberstein, 363 U.S. 278, 285 (1960), the Supreme Court held that a voluntary transfer *546 of property to an employee without consideration is not necessarily a "gift" within the meaning of section 102(a). A transfer will be a gift if it proceeds from a "detached and disinterested generosity." Commissioner v. Duberstein at 285. The Court went on to say: We take it that the proper criterion, established by decision here, is one that inquires what the basic reason for his conduct was in fact -- the dominant reason that explains his action in making the transfer. Further than that we do not think it profitable to go. [Commissioner v. Duberstein at 286.] We conclude that the payment was not a gift. First, as noted in Commissioner v. Duberstein, supra at 287, "it doubtless is, statistically speaking, the exceptional payment by an employer to an employee that amounts to a gift." In the instant case, it seems clear that the payment was made because of the employer-employee relationship. There is no evidence of the "detached and disinterested" generosity that would accompany a gift. Second, LBB included the $ 50,000 payment on petitioner's Form W-2, which indicates LBB believed the payment was compensation. Third, LBB deducted the $ 50,000 *547 payment as compensation on its own return. While not conclusive, this is evidence that the payment was not a gift. Abdella v. Commissioner, T.C. Memo. 1983-616; Kartsen v. Commissioner, T.C. Memo. 1954-194. Fourth, the Lenders and their accountant state that the $ 50,000 was not a gift. The only evidence supporting petitioner's position is LBB's failure to take the $ 50,000 into account when determining its final profit-sharing contribution on petitioner's behalf. LBB's profit-sharing contribution increased with an employee's compensation, so its failure to take the $ 50,000 into account reduced its contribution on petitioner's behalf to the profit-sharing plan. Petitioner asserts that LBB's failure to take the $ 50,000 payment into account means that LBB determined that this payment was a gift, not compensation. Petitioner relies in part upon the plan's definition of "compensation" to exclude "payments or benefits which are not currently includible in the income of a Participant for federal income tax purposes." Assuming that this theory is sound, the weight of the evidence regarding LBB's intent still favors respondent. Petitioners argue, *548 however, that "talk is cheap," and for that reason we should place more weight upon LBB's intent as indicated by the profit-sharing contributions than to the verbal statement of intent by the Lenders and their accountant. Petitioners point out that in Abdella v. Commissioner, T.C. Memo. 1983-616, the Court said that we: must make an objective inquiry into the circumstances surrounding the transfer rather than relying on the transferor's subjective characterization of the transfer. Petitioners argue that LBB's actions with respect to the profit-sharing plan are objective evidence of intent, while the verbal statements of the Lenders and their accountant are subjective characterizations of intent. In fact, however, LBB's actions with respect to the profit-sharing plan are merely an objective manifestation of LBB's subjective characterization of the payments. We do not understand why such actions should be weighted more heavily than verbal statements of intent. Even if we accepted petitioners' argument that verbal statements should be given relatively little weight, we still must give full weight to LBB's reporting of the $ 50,000 as compensation on the W-2 *549 and to LBB's treatment of the $ 50,000 as compensation on its own return. Thus, the weight of the evidence still would be against petitioners. Petitioners also argue that it is unfair for petitioner to receive gift treatment for profit-sharing purposes, yet compensation treatment for income tax purposes. However, any unfairness is due to a possible inadequacy of LBB's profit-sharing contributions, not to the tax treatment of the $ 50,000 payment under section 102(a). Petitioners have failed to carry their burden of proving that the $ 50,000 payment was a gift. We hold for respondent. Decision will be entered under Rule 155.